IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH D. JOHNSON,

    Petitioner,　　　　　　　　　No. CIV S-06-0554 MCE EFB P

  vs.

MIKE EVANS, Warden, et al.,

    Respondents.　　　　　　　　ORDER
_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents move[1] to dismiss upon the grounds that petitioner failed to exhaust available state remedies and that this court should abstain based on *Younger* abstention. *Younger v. Harris*, 401 U.S. 37, 40-41 (1971). Respondent asserts that the claims presented in the federal petition currently are pending in petitioner's application for a writ of habeas corpus in the California Supreme Court. Petitioner opposes, asserting that the California Supreme Court has resolved that application. For the reasons explained below, the court finds that petitioner has exhausted available state remedies with respect to all the claims in his federal petition.

---

[1] When petitioner filed his application, he was confined at Pleasant Valley State Prison, where James Yates is the warden. He has since been transferred to Salinas Valley State Prison. Mike Evans, Warden of Salinas Valley State Prison, is hereby substituted for James Yates. *See* Fed. R. Civ. P. 25 (d)(1).

Therefore, the abstention doctrine is no longer applicable to this petition.

**I. Procedural History**

On January 10, 2003, petitioner was convicted of kidnaping, sexual penetration with a foreign object, sexual battery, assault with intent to commit rape and assault with intent to commit oral copulation and, based on these offenses and various facts to enhance the sentence, he was sentenced to serve 37 years to life in prison. Petitioner appealed, raising the following claims: (1) that the sentence enhancements based on use of a weapon should have been stayed; (2) that the sentence imposed on the kidnaping count should have been stayed pursuant to Cal. Pen. Code § 654; and (3) that imposing the greatest possible term on count two and ordering consecutive sentences violated his right to due process as explained in *Blakely v. Washington*, 542 U.S. 296, 303-306 (2004). Lodged Doc. 1. The appellate court affirmed the judgment in its entirety. Petitioner filed in the California Supreme Court a petition for review of the appellate court's disposition of the claim arising under *Blakely*. That court denied review. Petitioner sought a writ of habeas corpus from the trial court and from the appellate court, but each court denied the writ. Lodged Doc. 4. On March 17, 2006, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, case number S141962. That petition claimed that: (1) counsel was ineffective in 32 specific instances; (2) the prosecution failed to disclose material, exculpatory evidence; (3) both trial and appellate counsel operated under active conflicts of interest; (4) the evidence was insufficient to support the convictions; (5) various other errors cumulatively deprived petitioner of a fair trial; (6) appellate counsel was ineffective by failing to raise various claims and by failing effectively to argue the claims actually raised; and (7) the prosecution engaged in misconduct that violated petitioner's right to a fair trial. Lodged Doc. 4. The California Supreme Court denied that petition on November 15, 2006.

On February 28, 2006, petitioner filed a petition for a writ of habeas corpus in this court. Petitioner filed a form petition and specifically incorporated the petition he filed in the California Supreme Court and attached a copy of it.

## II. Legal Standards

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).

## III. Analysis

By incorporating by reference the claims he raised in his habeas petition filed in the California Supreme Court and attaching that petition to the federal form, petitioner raises in this court all the grounds for relief alleged in habeas proceedings before the California Supreme

3

1 Court.  At the time respondent filed his motion to dismiss, his assertion that the California
2 Supreme Court has not yet resolved petitioner's state-court application was accurate.  However,
3 as shown from the copy of the order of the Supreme Court of California in case number S141962
4 submitted by petitioner his petition in that court was denied on November 15, 2006.  While
5 respondent does not concede that exhaustion was complete as of that date (thereby obviating the
6 need for this court to engage in a time-consuming review of the matter), neither does he contest
7 the fact.  The court therefore finds that petitioner has exhausted available state remedies.

  Accordingly, it is hereby ORDERED that:

  1. Respondent's July 19, 2006, motion to dismiss for petitioner's failure to exhaust state remedies is denied;

  2. Respondent shall file and serve a response to petitioner's application within 60 days from the date of this order.  *See* Rule 4, Rules Governing § 2254 Cases.  An answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application.  *See* Rule 5, Rules Governing § 2254 Cases.

  3. Petitioner's reply, if any, shall be filed and served within 30 days of service of an answer.

Dated:  January 24, 2007.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE