IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH D. JOHNSON,

    Petitioner,                             No. CIV S-06-554 MCE CHS P

    vs.

J. YATES, et al.,

    Respondents.        FINDINGS AND RECOMMENDATIONS

_____/

        On February 28, 2006, petitioner Keith Johnson, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner challenged the judgement of conviction and sentence entered against him in the Sacramento County Superior Court, case 01F07872, raising various grounds for relief. On September 30, 2009, the petition was denied and judgment was entered in this case.

        Subsequently, petitioner filed in the Ninth Circuit Court of Appeals an original petition for writ of habeas corpus, which was received on October 26, 2009. An original petition for a writ of habeas corpus must be made to the appropriate district court. *See* Fed. R. App. P. 22(a); *see also* 28 U.S.C. §2241(b). Accordingly, on January 14, 2010, it was ordered that the original petition filed in the Ninth Circuit be transferred to this court. The petition was received by the Clerk of this court for filing on April 21, 2010 and a new habeas corpus case was opened.

1

*See Johnson v. Yates*, No. Civ. S-10-0966 DAD P.

Because the petition transferred from the Ninth Circuit presented identical grounds for relief as were already considered and rejected in proceedings under the instant case number, it was ordered that case No. Civ. S-10-0966 DAD P be administratively closed and that the transferred petition be re-filed in this case for a determination as to whether the application should be deemed to be a timely-filed notice of appeal and, if so, whether a certificate of appealability should issue. In this regard, the United States Magistrate Judge assigned to the newly opened case found that:

> In light of petitioner's identical habeas corpus petition previously filed in *Johnson v. Yates*, No. Civ. S-06-0554 MCE CHS P, this court's denial of that federal habeas petition on the merits on September 30, 2009, and petitioner's subsequent filing of the same petition in the Ninth Circuit Court of Appeals within thirty days of the order denying relief, the undersigned concludes that petitioner was not seeking to file a new petition for writ of habeas corpus when he submitted his petition to the Ninth Circuit Court of Appeals but was instead attempting to appeal this court's earlier decision denying habeas relief...

*See Johnson v. Yates*, No. Civ. S-10-0966 DAD P, docket entry #4.

The original petition transferred from the Ninth Circuit Court of Appeals indeed appears to have been an attempt by petitioner to appeal the court's September 30, 2009 judgment in the instant case. For the reasons that follow, it will be recommended that petitioner's filing be construed as a notice of appeal and that the notice of appeal be deemed timely filed on October 26, 2009, the date it was received in the Ninth Circuit of Appeals.

First, broadly construed, petitioner's filing is the functional equivalent of a notice of appeal. Federal Rule of Appellate Procedure 3(c) governs the content of notices of appeal. Notices shall specify the party or parties taking the appeal, shall designate the judgment, order or part thereof appealed from, and shall name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1)(A)-(C). "An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the

notice." Fed. R. App. P. 3(c)(4). "Courts will liberally construe the requirements of Rule 3." *Smith v. Barry*, 502 U.S. 244, 248 (1992). When papers are "technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id*. (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988). This principle of liberal construction does not excuse noncompliance with Rule 3 because those dictates are jurisdictional in nature. *Id*. In other words, courts should construe Rule 3 governing notices of appeal liberally when determining whether the requirements of the rule have been met, but noncompliance will be fatal to the appeal. *Smith v. Barry*, 502 U.S. at 248.

Here, of course, petitioner's filing of an original habeas corpus petition in the Ninth Circuit Court of Appeals is technically at variance with the letter of Rule 3. It appears that petitioner was mistakenly attempting to file his federal appeal by following the state of California's procedures for collateral review. Under California law, a state prisoner seeks review of an adverse lower state court habeas corpus decision by filing an original petition (rather than a notice of appeal) in the higher state court. *Carey v. Saffold*, 536 U.S. 214, 221 (2002).

"[D]ocuments which are not denominated notices of appeal will be so treated when they serve the essential purpose of showing that the party intended to appeal, are served on the other parties to the litigation, and are filed in court within the time period otherwise provided by Rule 4(a)(4)." *Munden v. Ultra-Alaska Associates*, 849 F.2d 383, 387 (9th Cir. 1988). This more lenient standard is appropriate when the appellant is not represented by counsel. *Id*. Here, according to the certificate of service, petitioner's filing was served on the California State Attorney General's Office (counsel for respondent) and did bear the instant case number in the heading. Given the timing of the filing (less than 30 days after final judgment), respondent should have been on notice of petitioner's intent to appeal. The filing was the "functional equivalent" of the formal notice of appeal demanded by Rule 3. *See Smith v. Barry*, 502 U.S. at 245 (document intended to serve as an appellate brief may qualify as a notice of appeal); *see also*

*Richey v. Wilkins*, 335 F.2d 1, 4 (2nd Cir. 1964) (Lay-prisoner-plaintiff's filing of notice of appeal in court of appeals rather than in district court as required was not a ground for dismissal of appeal where appellees were not prejudiced by procedure).

      Second, petitioner's filing which should be construed as the functional equivalent of a notice of appeal was timely filed on the date it was received in the Ninth Circuit Court of Appeals. In a civil case, "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). Here, judgment was entered on September 30, 2009, and petitioner's filing was received in the court of appeals less than 30 days later, on October 26, 2009.

      The Federal Rules of Appellate Procedure specifically provide that a notice of appeal mistakenly filed in the court of appeals shall be sent to the district court clerk and considered filed in the district court on the date it was received by the court of appeal. Fed. R. App. P. 4(d). Moreover, the federal statute for transfer to cure want of jurisdiction provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of an administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in... the court from which it is transferred.

28 U.S.C. §1631. "The federal transfer statute is applicable in habeas proceedings." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (transferring petition construed as an original petition for writ of habeas corpus to a district court with jurisdiction) (citing *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). The purpose of section 1631 is "to aid litigants who were confused about the proper forum for review." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (internal quotations omitted).

/////

Pursuant to 28 U.S.C. §1631 and Fed. R. App. P. 4(d), petitioner's filing which has been construed herein as a notice of appeal should proceed in this court as if it had been filed in this court no later than October 26, 2009, the date it was received in the Ninth Circuit Court of Appeals.

Before petitioner can appeal the court's final judgment, a certificate of appealability must also issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).[1]

Here, for the reasons identified and discussed in the findings and recommendations signed on August 24, 2009 and filed on August 25, 3009, petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability should not issue.

For all the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Petitioner's submission filed on May 10, 2010 pursuant to the order in case 2:10-cv-0066 DAD should be construed as a notice of appeal with respect to the court's final judgment in this case; and

2. Petitioner's filing construed herein as a notice of appeal should be deemed timely filed no later than October 26, 2009, the date it was received in the Ninth Circuit Court of

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. *Jennings*, at 1010.

1  Appeals; and

2           3. A certificate of appealability should not issue in this action.

3           These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-
5  one days after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8  shall be served and filed within seven days after service of the objections.  Failure to file
9  objections within the specified time may waive the right to appeal the District Court's order.
10 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11 DATED: May 26, 2010

                                   /s/ Charlene H. Sorrentino
                                   CHARLENE H. SORRENTINO
                                   UNITED STATES MAGISTRATE JUDGE